## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN WILLIAMS**<br>226-68 129th Avenue<br>Laurelton, New York 11413<br><br>Plaintiff,<br><br>       v.<br><br>**GRASSHOPPER MANAGEMENT, LLC**<br>1523 22nd Street, N.W.<br>Washington, District of Columbia  20037<br><br>AND<br><br>**GRASSHOPPER HOSPITALITY, LLC**<br>1523 22nd Street, N.W.<br>Washington, District of Columbia  20037<br><br>Defendants. | CIVIL ACTION NO._____<br><br>Jury Trial:  Yes |

### COMPLAINT

Plaintiff, STEVEN WILLIAMS, on behalf of himself and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against the defendants GRASSHOPPER MANAGEMENT, LLC and GRASSHOPPER HOSPITALITY, LLC (collectively, "Defendants") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

### NATURE OF THE CLAIMS

1.    This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulation, and the District of Columbia Official Code ("D.C. Code") § 2-1402.31(a)(1).  Plaintiff also alleges a claim for Negligence.  As explained more fully below, the defendants own lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## <u>JURISDICTIONAL ALLEGATIONS</u>

2.     This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

3.     Defendant GRASSHOPPER MANAGEMENT, LLC is a limited liability corporation licensed to and doing business in the District of Columbia.  Defendant is the owner and operator of THE ELDON HOTEL property located at 933 L Street, N.W., Washington, District of Columbia (hereinafter the "premises.")

4.     Defendant GRASSHOPPER HOSPITALITY, LLC is a limited liability corporation licensed to and doing business in the District of Columbia. Defendant is the owner and operator of THE ELDON HOTEL property located at the premises.

5.     Plaintiff STEVEN WILLIAMS is an adult male confined to a wheelchair, and in a limited capacity, a walker (hereafter, "assistive devices").  Plaintiff is incapable of moving around outside of his home without assistance and assistive devices.  He has further restrictions speaking, caring for himself, and performing other tasks associated

with daily living. Plaintiff resides in the County of Queens, State of New York.

6.    This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's right under the ADA. The Court has supplemental jurisdiction over plaintiffs' related claims arising under the District of Columbia laws pursuant to 28 U.S.C. § 1367.

7.    Venue properly lies in the District of Columbia pursuant to 28 U.S.C. § 1391 because Defendants acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that are the subject of this action are located in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.    The Defendants own, lease, lease to, control or operate a place of public accommodation, "THE ELDON HOTEL," located at the Premises, is within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104) and the DCC (§ 2-1402.31(a)(1)), which includes an inn, hotel, and motel establishments open to the public.

9.    THE ELDON HOTEL is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) and the D.C. Code (§ 2-1402.31(a)(1)), as the facility is operated by a private entity as a hotel establishment and its operations affect commerce.

10.    On, between, and about, September 6, 2023 through September 9, 2023, plaintiff was a guest at the Premises. Plaintiff attempted to enter the hotel lobby when he encountered stairs to which his medical assistive devices, necessary for plaintiff to travel, could not navigate.

11.    On, between, and about, September 6, 2023 through September 9, 2023, plaintiff discovered that the premises contained architectural barriers at defendants' place of public accommodation that prevents and/or restricts access to plaintiff, a person with a disability.

12.    In order to enter the lobby to access his room inside of the hotel, plaintiff was forced to crawl up the stairs in front of other hotel guests because no ramp or other reasonable accommodation was offered for Mr. William's assistive devices.

13.    Plaintiff brought this issue to the attention of defendants' employees. No action was taken. Through the entirety of plaintiff's stay he was forced to endure humiliation of crawling in order to enter the hotel, upon each and every attempt to enter. In some instances, employees offered assistance.  Some employees just watched; others openly laughed.

14.    The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by the plaintiff as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 or the revised final regulation implementing Title III of the ADA adopted by the United States Department of Justice in 2010 (all hereinafter referred to as the "Accessibility Standards").

15.    The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the District of Columbia Code § 2-1402.31(a)(1).

16.    Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the Accessibility Standards and the D.C. Code, plaintiff was and has been unable to enjoy equal and complete access to defendants' place of public

accommodation, and was subject to needless and appalling humiliation.

17.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the Accessibility Standards and the D.C. Code.

18.     Plaintiff was in D.C. participating in the United States Conference on HIV/AIDS (USCHA). This annual conference is attended by providers, consumers, clinicians and other health education professionals working to affect domestic HIV/AIDS rates. Plaintiff had submitted an abstract and it was selected for presentation at this conference. This gathering further served as a reunion for plaintiff as the last USCHA he had participated in was in 2018. What should have been a remarkable and long-cherished memory for plaintiff has now been memorialized for entirely different reasons due to defendants' negligence, discrimination, and lack of simple common decency.

19.     Plaintiff enjoys traveling and lodging at hotels in the District of Columbia area.

20.     Plaintiff cannot perform daily activities outside the house without the use of an assistive devices.

21.     Plaintiff was a hotel guest at the property which forms the basis of this lawsuit, but encountered architectural barriers at the subject property precluding  him from reasonably accessing the services provided to  non-disabled individuals.   As Plaintiff was a guest from out of town, on a limited budget, he was not able to simply throw up his hands and say "oh, well." plaintiff was instead subject to appalling humiliation, over and over again, throughout the length of his stay, despite informing defendants of the inaccessibility problems on the first day.

22.     The barriers of the Premises have deterred plaintiff from availing himself of and are denying him the opportunity to participate and benefit from the goods,

services, privileges, advantages, facilities and accommodations at defendants' property equal to that afforded to other individuals.

23.   Defendants have and are continuing to discriminate against plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

24.   More specifically, plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and plaintiff is further deterred and discouraged from additional travel due to defendants' ongoing non-compliance with the ADA.

25.   Barriers that plaintiff encountered and/or which exist at the defendants' place of public accommodation include, but are not limited to, the barriers identified below:

Public Entrance:

I.   The public entrance into the hotel from the lobby does not appear to be accessible. See below.
*Defendants fail to provide that at least 50% of all* Attorneys for Plaintiff
*its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*

Public Exit:

II.   The public exit from the hotel into the lobby does not appear to be accessible. See below.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), and 2010 Standards 207.1.*

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

26.    Upon information and belief, the above-listed discriminatory violations are not an exhaustive list of all ADA violations on the Premises. Plaintiff requires an inspection of defendant's place of public accommodation in order to identify, photograph and measure all the barriers that constitute discriminatory acts in violation of the ADA.

27.    Notice to Defendant prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

28.    Defendants have failed to ensure that its place of public accommodation and the elements therein are in compliance with the Accessibility Standards and the DCC, including but not limited to ensuring the maintenance of accessible features.

29.    The impermissible barriers within defendants' place of public accommodation continue to exist.

30.    Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers within defendants' place of public accommodation continue to exist and deter plaintiff from returning.

31.    Plaintiff travels frequently to the neighborhood where defendants' place of public accommodation is located in support of various causes. Plaintiff intends to return to DC, which itself is a notable tourist destination and a common location of events for causes in which Plaintiff actively partakes.

32.    Plaintiff intends to patronize the defendants' place of public accommodation after they become fully accessible and compliant with the Accessibility Standards and the relevant accessibility portions of the D.C. Code.

33.    Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards and the relevant accessibility portions of the D.C. Code. Plaintiff intends to return to the defendants' place of public accommodation as such a "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards and the relevant accessibility of the D.C. Code – all for the benefit of those similarly situated to plaintiff.

## **FIRST CAUSE OF ACTION**
## **(VIOLATIONS OF THE ADA)**

34.    Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

35.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses assistive devices for mobility.

36.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

37.    The defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff.

38.   By failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, is objectionable and not desired as patrons of their public accommodation.

39.   Defendants have discriminated against plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the Accessibility Standards.

40.   Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled in violation of 42 U.S.C. §12182 and 28 C.F.R. § 36.203.

41.   Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

42.   Defendants failed to make all readily achievable accommodations and modifications to remove interior barriers in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

43.   By failing to remove the interior barriers where it is readily achievable to do so, defendants have discriminated against plaintiff based on disability in violation of § 302 of the ADA, 42 U.S.C. §12182, and 28 C.F.R. §36.304.

44.   In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45.    Defendants' failure to remove the barriers constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.202 *et seq.*

46.    Defendants' failure to construct and maintain an accessible entrance within the lobby of defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

47.    Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE CODE OF THE DISTRICT OF COLUMBIA)

48.    Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

49.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions.  Plaintiff cannot perform the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Code of the District of Columbia ("D.C. Code" § 2-1431.01(4) and D.C. Code § 2-1402.31(a)(1).

50.    Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

51.    Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the full and equal enjoyment of accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the D.C. Code § 2-1402.31(a)(1).

52.    Defendants discriminated against plaintiff in violation of the D.C. Code §
2-1402.31(a)(1) by maintaining and/or creating an inaccessible place of public
accommodation. Each defendant has aided and abetted others in committing disability
discrimination.

53.    In violation of the D.C. Code § 2-1402.62, defendants have and continue to
aid and abet, incite, compel or coerce each other in each of the other defendants' attempts
to, and in their acts of directly and indirectly refusing, withholding, and denying the
accommodations, advantages, facilities, and privileges of their commercial facility/space
and the place of public accommodation therein, all because of disability, as well as other
acts in violation of the D.C. Code.

54.    Defendants have failed to make all readily achievable accommodations and
modifications to remove barriers in violation of the D.C. Code § 2-1402.31(a)(1).

55.    In the alternative, defendants have failed to provide plaintiff with
reasonable alternatives to barrier removal as required in violation of the D.C. Code § 2-
1402.31(a)(1).

56.    It would be readily achievable to make defendants' place of public
accommodation fully accessible.

57.    It would not impose an undue hardship or undue burden on defendants to
make their place of public accommodation fully accessible.

58.    As a direct and proximate result of defendants' unlawful discrimination in
violation of the D.C. Code, plaintiff has suffered and continue to suffer emotional
distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

59.    This action is brought timely pursuant to D.C. Code § 2–1403.16, and the
aggrieved Plaintiff may recover from the defendants compensatory damages and

attorneys' fees pursuant to D.C. Code §§ 2–1403.16 and 2–1403.13(a)(1).

60.    Plaintiff has suffered damages in the amount of at least **Five Hundred Thousand Dollars ($500,000.00)** from each defendant and the total amount shall be determined at trial.

## THIRD CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

61.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

62.    Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at the premises in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

63.    At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair and maintain their place of public accommodation located at the premises in a reasonably safe condition, including a duty to comply with the D.C. Code.

64.    Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at the premises in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff safety.

65.    Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at the premises is not safe to the disabled.

66.    Defendants' employees were further negligent in their failure to remedy the condition or offer substantive assistance once the issue had been brought to their attention. Defendants' employees were further negligent in deliberately withholding assistance from the plaintiff and for mocking the plaintiff.

67.    As a direct result of defendants' negligence, plaintiff has suffered and continue to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

68.    Plaintiff will continue to experience unlawful discrimination as a result of defendants' joint and several failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

69.    Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

70.    Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provisions of alternative methods in accordance with the ADA and the D.C. Code.

## DECLARATORY RELIEF

71.    Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to Defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

72.    In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and are entitled to recover attorney's fees, expenses and costs pursuant to the ADA. 42 U.S.C. § 12205; 28 C.F.R. § 36.505 and D.C. Code § 2-1403.13(a)(1)(E).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that the Court enter a judgment against defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, District of Columbia Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B. Issue a permanent injunction ordering defendants to close and cease all business until defendants remove all violations of the ADA, the Accessibility Standards, and the District of Columbia Code including but not limited to the violations set forth above;

C. Retain jurisdiction over the defendants until the Court is satisfied that the defendants', joint and several, unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Find the plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses;

E. Award at least **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)** to plaintiff as compensatory damages, per defendant, as a result of defendants' violations of the D.C. Code;

F. Award punitive damages, per defendant, in order to punish and deter defendants for their outrageous and reckless conduct, a state of mind evincing malice, deliberate oppression, and reckless disregard, in an amount to be determined at trial; and,

G. Any such other and further relief the Court shall deem just and proper.

Respectfully submitted,

/s/Lawrence S. Lapidus
Lawrence S. Lapidus, Esq., Bar No. 175042
THE LAPIDUS LAW FIRM, PLLC
One Thomas Circle, N.W., Suite 700
Washington, D.C.  20005
Tel:  (202) 785-5111
llapidus@lapiduslawfirm.com
*Attorney for Plaintiff*

OF COUNSEL:
Jonathan Bell, Esq.
Daniel A. Johnston, Esq.
BELL LAW GROUP PLLC
116 Jackson Blvd.
Syosset, NY 11791
(516) 280-3008
JB@BellLG.com
DJ@BellLG.com

## JURY TRIAL DEMAND

Plaintiff demands trial a trial by jury as to all issues so triable.

/s/Lawrence S. Lapidus
_____
Lawrence S. Lapidus